**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

ROXANNE WILLIAMS, Individually and as the
Administrator of the Estate of HAYDEN BLACKMAN
Deceased,

|  |  |
|---|---|
| Plaintiff, | **ANSWER** |
| _v._ | **Index No.: 2013-2240** |
| CITY OF ROCHESTER, ROCHESTER CITY POLICE POLICE OFFICERS "JOHN DOE 1-10", | **Case No.:** |

(last ten names being fictitious, true names unknown, said
persons being police officers who were involved in
incidents occurring on or about October 14, 2011, which
are the subject of this action) Individually and in their
Official Capacities

Defendants.
_____

Defendants by their attorney, Robert J. Bergin, Esq., Corporation Counsel for the City of

Rochester, Adam M. Clark, Esq., of counsel, hereby answer the Plaintiff's complaint as follows:

1.  Deny knowledge or information sufficient to form a belief as to paragraphs 1, 2, 3, 4, 12, 18,

    42 and 43.

2.  Admit the allegations in paragraphs 5, 6, 8, 9, 10, 17, 21 and 38.

3.  Paragraph 7 is a legal conclusion and/or otherwise does not merit a response.

4.  Deny the allegations in paragraphs 11, 13, 14, 22, 23, 24, 26, 27, 28, 29, 31, 32, 33, 35, 36,

    37, 39, 41 and 44.

5.  Deny upon information and belief the allegations in paragraphs 15 and 16.

6.  In response to paragraph 19, admit upon information and belief that "[t]he decedent was

    pronounced dead at 12:30 a.m. on October 14, 2011", and deny knowledge or information

sufficient to form a belief as to the rest of paragraph 19.

7. Respond to the allegations of paragraphs 20, 25, 30, 34 and 40 in the same manner as otherwise responded to herein.

8. Deny the "wherefore" clause of the complaint.

9. Deny each and every remaining allegation in the complaint, not otherwise specifically responded to herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

10. Some or all of the causes of action alleged in the complaint may not be maintained for the reason that the Plaintiff failed to properly commence the action within the appropriate statute of limitations period.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

11. The damages alleged in the complaint were caused in whole or in part by the acts or omissions to act of the Plaintiff's Decedent and/or the Plaintiff, which acts or omissions to act were criminal, negligent, reckless, wrongful, intentional or otherwise culpable.

12. If the Plaintiff is entitled to recover damages as alleged in the complaint, the amount of damages shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff's Decedent and/or the Plaintiff bears to the culpable conduct which allegedly caused the damages alleged.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

13. Under the circumstances alleged in the Complaint, the Decedent engaged in an inherently dangerous activity and assumed all the risks of said activity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

14. The injuries alleged in the complaint were caused or occasioned solely or in part by the

criminal, negligent, reckless, intentional, or otherwise wrongful conduct, including both acts and omissions, attributable to one or more unknown third parties, whose acts or omissions were not foreseeable by the City of Rochester and constitute an intervening cause which precludes liability on the part of the City of Rochester as a matter of law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

15. All conduct by the City of Rochester, or by its officers, employees, agents or representatives was justified under the circumstances herein; was privileged conduct in the performance of Defendants' police function; was supported by reasonable belief that the Plaintiff's Decedent was using or about to use deadly physical force and was in accordance with the requirements of the law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

16. The individual Defendants are entitled to immunity from continuation of this action upon the grounds that they acted in the good faith belief that their actions constituted a reasonable exercise of their duties and did not breach or infringe upon the Plaintiff's constitutional rights known to exist at the time of the subject incident.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

17. The official actions of the City of Rochester, its employees, agents or representatives, jointly and severally, constituted good faith exercise of discretion and judgment, for which the City of Rochester and its employees, agents or representatives are immune from common-law liability.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

18. The actions complained of arose while the individual Defendants were acting in an official capacity; such individuals acting in an official capacity cannot, as a matter of public policy, be held individually liable for prima facie tort even if charged with malicious intent.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

19. To the extent the complaint is interpreted to state a cause of action for punitive damages, punitive damages cannot be awarded against a municipality or any individuals whom a municipality is required to indemnify, which would include each of the individual answering Defendants herein.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

20. To the extent the complaint is interpreted to state a cause of action based upon a theory of negligent hiring, education, training and/or supervision, the complaint fails to allege sufficient facts to support such allegations and should be dismissed.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

21. The City of Rochester did not authorize, condone, permit or ratify any allegedly improper or malicious conduct on the part of any person or adopt any policy condoning such conduct.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

22. All conduct by the City of Rochester, or by its officers, employees, agents or representative was justified under the circumstances herein, was privileged conduct in the performance of Defendants' police function and was supported by probable cause and by statements of citizens upon which the police were entitled to rely.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

23. Any force used on the Plaintiff's Decedent was reasonable and necessary under the circumstances and any injury or damages allegedly suffered by the Plaintiff's Decedent was due to and caused by reason of the Decedent's improper acts and conduct.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

24. Any force used on the Plaintiff was reasonable and necessary under the circumstances and any injury or damages allegedly suffered by the Plaintiff was due to and caused by reason of the Plaintiff's and/or the Decedent's improper acts and conduct.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:**

25. Any arrest or detention alleged was justified under the circumstances then existing; any force used in affecting said arrest or detention was justified under the circumstances then existing; all acts alleged to have been performed by the Defendant City of Rochester and its Police Officers were performed without any malice contributing thereto.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:**

26. That any arrest and/or prosecution alleged was supportable by probable cause and continued by the City of Rochester in furtherance of its duty as charged in accordance with the Criminal Procedure Law of the State of New York; said arrest and/or prosecution was justified, was in good faith and no malice contributed thereto, nor did Defendant City of Rochester authorize, condone, permit or ratify any allegedly false, improper or malicious conduct of any person, or adopt any policy condoning such conduct.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:**

27. Upon information and belief, at the time and place alleged in the complaint, the Decedent was committing or attempting to commit a serious illegal act or acts.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE:**

28. The City of Rochester does not have "respondeat superior" liability under Federal Civil

Rights Law for the conduct of its individual employees.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE:

29. Upon information and belief to the extent the Complaint seeks compensation for medical,

dental or other care and/or loss of earnings or any other economic loss, if any, may be

replaced in whole or in part from a collateral source as defined by New York State CPLR

4545(c) and therefore if the answering Defendants are found liable to the Plaintiff in any

manner for any amount the amount of said liability shall be diminished by the amounts of

the funds which the Plaintiffs have or shall receive from such collateral sources.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE:

30. Recovery against the answering Defendants is barred based upon the Doctrine of Qualified

Immunity. The individual Defendants are entitled to qualified immunity from suit because

the Defendants' actions were objectively reasonable under the circumstances.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE:

31. The Rochester City Police Department is a Department of the City of Rochester and not a

separate legal entity, is not a proper party Defendant and is not subject to suit under the laws of

New York State.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE:

32. Any claims against the individual Officers in their official capacity do not properly state a cause

of action because a suit against an official in his official capacity is not a suit against the official

personally for the real party in interest is the City of Rochester.

33. Furthermore the City of Rochester is required to indemnify its Police Officers, and therefore the

City of Rochester is the real party in interest for any claim against the individual Officers in their

individual capacities.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE:**

34. Plaintiff has failed to state a cause of action upon which relief may be granted.

**WHEREFORE,** the Defendants demand judgment dismissing Plaintiff's complaint against them together with the costs and disbursements of this action.

|  |  |
|---|---|
|  | **ROBERT J. BERGIN** |
|  | **CORPORATION COUNSEL** |
| Dated: March 20, 2013 | s/ Adam M. Clark_____ |
| Rochester, New York | Adam M. Clark, Esq., Of Counsel |
|  | *Attorneys for Defendants* |
|  | Office and Post Office Address |
|  | City Hall Room 400A, 30 Church Street |
|  | Rochester, NY 14614-1295 |
|  | Telephone: (585) 428-6699 |
|  | clarka@cityofrochester.gov |

TO:    Michael Cobbs, Esq.
       Tiffany L. D'Angelo, Esq.
       BROWN & HUTCHINSON
       *Attorneys for the Plaintiff*
       925 Crossroads Building
       Two State Street
       Rochester, New York 14614
       Telephone: (585) 454-5050
       Fax: (585) 454-5066

## VERIFICATION

STATE OF NEW YORK    )
COUNTY OF MONROE    )    ss:

Adam M. Clark, being duly sworn, deposes and says:

1. That he is a Municipal Attorney for the City of Rochester, the Corporation named in the foregoing answer; that he has read the foregoing and knows the contents thereof; that the same is true except as to those matters stated to be upon information and belief, and as to those matters, he believes them to be true.

2. Deponent further says that the reason this verification is made by deponent, and not by said City of Rochester, is because the said City of Rochester is a governmental subdivision, and he is an employee thereof, to wit, a Municipal Attorney, and that the grounds of deponent's belief as to all matters in said answer, not stated upon his own knowledge, are investigations caused to be made concerning the matters involved or purporting to be involved herein and information acquired by the deponent in the regular course of his duties as an employee of said governmental subdivision and from the books, papers and records of said governmental subdivision.

_____
Adam M. Clark

Sworn to before me this
20th day of March, 2013

_____
Notary Public

JULIE T. ST. CLAIR
Notary Public, State of New York
Monroe County
Commission Expires September 24, 20_15_

8