

# Department of Law
## Monroe County, New York

**Maggie Brooks**
*County Executive*

**Merideth H. Smith**
*County Attorney*

July 10, 2015

Honorable Marian W. Payson
United States District Court
Western District of New York
100 State Street
Rochester, New York 14614
Via fax 613-4085

**RECEIVED**
**JUL 13 2015**
MARIAN W. PAYSON
U.S. Magistrate Judge
Western District of New York

RE:    Williams / Blackman v. City of Rochester 6:13-cv-06152

Dear Judge Payson,

    I am in receipt of *Plaintiff's Notice of Motion to Compel Discovery* in the above-named matter. The Motion is seeking to compel the County Attorney to provide records of the Monroe County Medical Examiner's Office with respect to its investigation of the death of Hayden Blackman, and all transcripts of said records, as well as, an Order compeling the Monroe County District Attorney's Office to provide a copy of a transcript of the testimony of each employee of the defendant City who testified before the Grand Jury with respect to the death of Hayden Blackman. However, the County of Monroe, the Monroe County Medical Examiner's Officer, nor the Monroe County District Attorney's Office are parties to the above-named action. As such, a Motion to Compel is not the proper means for obtaining such documents. The County of Monroe would ask that the Plaintiff make a proper request by means of a judicial subpoena.

    As previously disclosed to the Court, the County takes no position on the request for the Medical Examiner's records. The County defers to the Court's determination as to whether the requesting party has a potential criminal or civil claim in which the requested information is required pursuant to County Law §677. In the event an Order is signed, I would kindly request the requesting party be directed to cover the costs associated with making such information available.

    However, the County opposes Plaintiff's request as it relates to providing a transcript of the Grand Jury testimony. A party seeking Grand Jury materials has the burden of showing that its claim would be greatly prejudiced or without reference to that material an injustice would be done. *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 222-23 (1979); *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). The showing must be with particularity and the lifting of secrecy must be done "discretely and limitedly." *Proctor & Gamble*, supra, 356 U.S. at 683; *Douglas Oil*, supra 441 U.S. at 221. Disclosure of Grand Jury materials "is appropriate only in those cases where the need for it outweighs the public interest in secrecy and that the burden of demonstrating this balance rests upon the private party seeking disclosure." *Douglas Oil*, supra, 441 U.S. at 223. Additionally, since the materials are from a New York State Grand Jury, New York Criminal Procedure Law §190.25(4)(a) makes Grand Jury proceedings secret, only subject to disclosure pursuant to a Court Order. Plaintiff thus would need to first seek an Order from the state court that supervised the Grand Jury. *Ruther v. Boyle*, 879 F. Supp 247, 250 (4th Dept. 1977); *Hawks v. Diina*, No. 05CB156, 2006 U.S. Dist. LEXIS 82166, at *3-4 (W.D.N.Y. Nov. 9, 2006). Barring such an application to the pertinent state court, Plaintiff is not

entitled to production of Grand Jury transcripts. Moreover, Plaintiff has not established the balance of his needs to overcome societal need for Grand Jury secrecy. Plaintiff states that said minutes "are needed to determine the facts that took place from the perspective of the defendants about the shooting itself..." [Docket No. 39-1, ¶7]. The same may be obtained through discovery and depositions. Therefore, such request should be denied.

Please do not hesitate to contact me to discuss this matter further.

Very Truly Yours,

Mallorie C. Rulison, Esq.
DEPUTY COUNTY ATTORNEY
585.753.1472

cc:   E. Robert Fussell, Esq (768-2662)
      Spencer Ash, Esq. (428-6950)

*Counsel for Monroe County may be heard if she wishes at oral argument on the motion scheduled for 8/20/15 at 2:00 p.m.*

*SO ORDERED.*
*Marian W Payr*
*US Magistrate Judge*
*7/16/15*