UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROXANNE WILLIAMS, Individually, and as
Administratrix of the Estate of Hayden Blackman,
Deceased and as parent of infant T.R.,

                              Plaintiff,

        v.

CITY OF ROCHESTER, et al.,

                             Defendants.
_____

DECISION AND ORDER

13-CV-6152W

Currently pending before this Court is a motion by plaintiff Roxanne Williams ("Williams") for an order that certain facts set forth in the requests for admission she propounded to defendants be deemed admitted. (Docket # 141).[1] Such a motion, made pursuant to Rule 36(a)(6) of the Federal Rules of Civil Procedure, is subject to the meet and confer requirements of the rules. *See Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, *3 (W.D. Wash. 2014) ("[l]ike other motions to compel, [a motion to determine the sufficiency of answers] is also subject to the requirements that the moving party attempt first to confer with the other side to avoid the need for a hearing") (quoting 8B C. Wright & A. Miller, Federal Practice and Procedure § 2263 (3d ed. 2012)); *City of Rome v. Hotels.com L.P.*, 2012 WL 13020827, *10 (N.D. Ga. 2012) ("[t]he [c]ourt finds that the good faith conference requirement indeed applies to a motion to determine the sufficiency of responses under Rule 36"); *Fazal v. Advanced Tabco*,

---

[1] The pending motion also seeks the unsealing of grand jury minutes and leave to amend the amended complaint. (Docket # 141). Those portions of the motion will be addressed separately at oral argument on February 27, 2018.

2010 WL 4363376, *3 (E.D. Wis. 2010) ("a motion to determine the sufficiency of answers under Rule 36(a)(6) appears to fall within Rule 37(a)(1)'s general application to motions for orders 'compelling disclosure or discovery'").

Despite the meet and confer requirement of the rules, the email correspondence attached to Williams's submission demonstrates that the parties failed to meet and confer in good faith prior to the filing of this motion because they were unable to agree upon a location for the meet and confer. Neither party sought Court intervention to assist them in resolving the dispute concerning the proper location for the meet and confer.[2] Rather, Williams filed the pending motion despite the parties having never conferred in good faith. This is not the first time the Court has been asked to address discovery disputes for which there has been no meaningful meet and conferral between these two parties. Indeed, in this matter the Court repeatedly has been asked to intervene prior to any good faith conferral attempts by the parties. The failure to meet and confer is unacceptable, contravenes the parties' obligations under the Federal Rules of Civil Procedure, and justifies the denial of Williams's motion. *See Brown v. Clayton*, 2013 WL 1409884, *2 (D. Conn. 2013) ("[t]he failure to follow the meet and confer requirement is a sufficient basis for denying the motion to compel").

Although I conclude that this motion should be denied in its entirety, Williams may file another motion for relief after the parties engage in a meaningful meet and confer. To assist that process, the Court notes that it has reviewed Williams's requests and finds that many fail to comply with Rule 36(a) of the Federal Rules of Civil Procedure in several respects. First, the requests are directed to all defendants; instead, plaintiff should make clear which requests are

---

[2] Had the parties actually attempted to engage in good faith as required by the procedural rules, they should have been able to resolve this dispute on their own. Nevertheless, had they sought the Court's assistance, the Court would have directed a time and location for the parties to meet and confer.

directed to which defendants.  *See Calloway v. Veal*, 2012 WL 1143829, *4, 6 (E.D. Cal. 2012) ("[d]efendants argue that they should not be compelled to make a further response, because the [r]equests were not directed to any specific defendant, making it uncertain from which defendant [p]laintiff was seeking responses[;] . . . [p]laintiff may not address his requests to all of the [d]efendants together, because this prevents individual defendants from making different responses to the same request").  This "group" approach is particularly troubling given that the subject matter of several requests concern medical records of one of the individual defendants.

With respect to the requests themselves, the Court finds several to be unnecessarily confusing and complex, in contravention of the procedural rules.  As noted by Williams in her papers, "[t]he purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested."  *Hill v. Lappin*, 2012 WL 2049570, *2 (M.D. Pa. 2012) (quotation omitted).  Accordingly, requests for admission "should be drafted in such a way that a response can be rendered upon a mere examination of the request [,] . . . [and] the facts stated within the request must be singularly, specifically, and carefully detailed."  *Weinstein v. Univ. of Conn.*, 2014 WL 3849971, *2 (D. Conn. 2014) (quotation omitted); *see also Hill v. Lappin*, 2012 WL 2049570 at *4 ("[r]egardless of the subject matter of the Rule 36 request, the statement of the fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification") (quotation omitted).  Accordingly, "Rule 36 requires that each request for admissions must be direct, simple and limited to singular relevant facts."  *Weinstein v. Univ. of Conn.*, 2014 WL 3849971 at *2 (internal quotations omitted).  Having generally reviewed the requests propounded by Williams, I find many of them are far from singular, specific, direct and simple.  Rather, they are "prolix, argumentative, confusing and embrace[] compound subjects, actors, events and assertions."  *Hill*, 2012 WL

2049570 at *2; *see also Scott v. Keller*, 2010 WL 1267772, *3 (E.D. Cal. 2010) ("[m]any of the requests are compound rather than separately stated, seek a legal conclusion, assume disputed facts, requests speculation, or are unintelligible").  Accordingly, if Williams wants to pursue any of her requests, she must identify those requests she wants to pursue and identify the particular defendant to whom the request is directed.  Counsel for the parties are directed to meet and confer in good faith on **February 27, 2018**, at **1:45 p.m.**, at 2310 United States Courthouse, 100 State Street, Rochester, New York 14614.

## CONCLUSION

That portion of Williams's motion seeking an order deeming certain facts admitted **(Docket # 141)** is **DENIED without prejudice**.  The remaining portions of the motion are reserved pending further proceedings before the Court.

**IT IS SO ORDERED**.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
February 7, 2018